UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-33 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| CHONGAILA WADE MORRIS, | |
| Defendant. | |

Chongaila Wade Morris was indicted on one count of assault resulting in serious bodily injury in violation of 18 U.S.C. Sections 2, 113(a)(6), 1151, and 1153(a). (ECF No. 1.) Morris moved to suppress statements, admissions, and answers he gave following his arrest and invoking his right to counsel. (ECF No. 25.) United States Magistrate Judge Leo I. Brisbois held an evidentiary hearing on the motion, and in his Report and Recommendation, recommended denying Morris's motion. (ECF No. 42 ("R&R").) Morris objects to the R&R. (ECF No. 48.)

The Court has reviewed the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. LR 72.2(b)(3). Based on that *de novo* review, the Court overrules Morris's objection and accepts the R&R.

## ANALYSIS

Neither party objects to the R&R's description of the factual background, so the Court incorporates those facts by reference. (R&R at 2–5.) Morris asks the Court to suppress statements he made to FBI Special Agent Kyle Gregory ("SA Gregory") and Red Lake Criminal Investigator Ron Leyba following his arrest on August 14, 2019, because he unambiguously invoked his right to counsel. (ECF No. 48.)

The Constitution guarantees a criminal defendant the right not to incriminate himself. U.S. Const. amend. V. Because of this right, the government generally cannot use the defendant's statements against him at trial if he made them during a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). But if the government provides a defendant with the warnings *Miranda* requires and the defendant waives his rights voluntarily, knowingly, and intelligently, then the government may use at trial statements the defendant made after the advisement and waiver of his rights. *United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011).

Relevant here, *Miranda* requires that an officer advise a putative defendant of his right to the presence of an attorney before proceeding with a custodial interrogation. *Edwards v. Arizona*, 451 U.S. 477, 481–82 (1981). When a defendant requests counsel, "the interrogation must cease until an attorney is present." *Id.* at 482 (quoting *Miranda*, 384 U.S. at 474). The parties and the R&R agree that Morris unambiguously invoked his right

2

to counsel at the beginning of his August 14 interview. (Hr'g Ex.[1] 4 (audio recorded interview of Morris); Hr'g Ex. 5 (transcript of recorded interview) at 2.) Morris argues that the interview, conducted afterwards, was not voluntary.

A defendant who has expressed his desire to talk with the police only through counsel "is not subject to further interrogation by authorities until counsel has been made available to him, *unless* the [defendant] himself initiates further communication, exchanges or conversations with the police." *Edwards*, 451 U.S at 484-85 (emphasis added). A defendant initiates communication if he "evince[s] a willingness and a desire for a generalized discussion about the investigation." *Owens v. Bowersox*, 290 F.3d 960, 963 (8th Cir. 2002) (citation omitted).

In the audio recording of the interview, Morris first invoked his right to counsel, and SA Gregory explained to him that because he asked for a lawyer, the agents could not "discuss anything more" with him and would "work on getting [him] an attorney." (Hr'g Ex. 4; Hr'g Ex. 5 at 2.) Morris then asked, "what if we proceed . . . without a lawyer?" (Hr'g Ex. 5 at 2.) The agents stated that if they proceed, they could explain why they were there but that they could not tell Morris more without his consent. (*Id.* at 3.) Morris said that he would like to talk to the agents and did not want a lawyer at that time. (*Id.*) SA Gregory then repeated Morris's right to counsel and finished reading him his *Miranda*

---

[1] "Hr'g Ex." refers to the exhibits the government presented without objection at the hearing on Morris's motion to suppress before Judge Brisbois. (ECF No. 33 (Hr'g Trans.) at 4–5.)

3

rights. (*Id.* at 3–4.) Morris stated that he understood what his rights were and was "willing to answer questions without a lawyer present." (*Id.* at 4.) Based on a *de novo* review of the record, the Court finds that Morris "independently reinitiated communication with [the agents] after first invoking his *Miranda* rights." *United States v. Palega*, 556 F.3d 709, 716 (8th Cir. 2009); *see United States v. Valdez*, 146 F.3d 547, 550–51 (8th Cir. 1998) (holding confession was knowing and voluntary where, after requesting counsel, defendant "initiated further communication by telling the agents as they were leaving the room that he had changed his mind and wanted to answer questions" and was "readvised of his *Miranda* rights").

The Court also finds that Morris's waiver of his *Miranda* rights was valid. A valid *Miranda* waiver must be (1) voluntary and (2) "constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege." *Edwards*, 451 U.S. at 482. Courts consider the totality of the circumstances in assessing whether a *Miranda* waiver is voluntary, knowing, and intelligent. *Vinton*, 631 F.3d at 483; *see Edwards*, 451 U.S. at 482 (noting courts are to consider "the particular facts and circumstances surrounding that case," including the defendant's background, experience, and conduct in assessing the validity of a *Miranda* waiver) (citation omitted). "The government has the burden of proving the validity of the *Miranda* waiver by a preponderance of the evidence." *United States v. Haggard*, 368 F.3d 1020, 1024 (8th Cir. 2004).

*Voluntary waiver.* A *Miranda* waiver is voluntary when it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Vinton*, 631 F.3d at 483 (quotation and citation omitted); *see United States v. Sanchez*, 614 F.3d 876, 883 (8th Cir. 2010) (explaining that in determining voluntariness, courts consider whether agents extracted statements "by threats, violence, or direct or implied promises, such that the defendant's will was overborne and his capacity for self-determination critically impaired") (citation omitted).

The recording of Morris's interview establishes that the agents did not intimidate, coerce, or threaten him, either explicitly or implicitly, during questioning. (*See generally* Hr'g Exs. 4–5.) Rather, after Morris asked to proceed without counsel, the agents finished reading Morris his *Miranda* rights, and Morris waived those rights orally and in writing before the substance of the interview. (Hr'g Exs. 4–6.) Morris does not claim that the agents engaged in any specific tactics that caused his will to be overborne during the interview. The record contains no evidence that Morris's "decision to speak with them was the product of anything other than a free and unconstrained choice." *Vinton*, 631 F.3d at 482. The Court thus finds that Morris's waiver resulted from a free and deliberate choice, not intimidation, coercion, or deception.

*Knowing and intelligent waiver.* In addition to being voluntary, a *Miranda* waiver must also be knowing and intelligent. *Edwards*, 451 U.S. at 482. In other words, the defendant must be fully aware of "both the nature of the right being abandoned and the

5

consequences of the decision to abandon it." *United States v. Gallardo*, 495 F.3d 982, 990 (8th Cir. 2007) (citation omitted). As noted above, after Morris initiated communication with the agents, SA Gregory finished reading him his *Miranda* rights. Morris verbalized his understanding of each right. (Hr'g Ex. 4; Hr'g Ex. 5 at 3–5.) Morris then read an advice-of-rights form aloud and signed it before the agents began interviewing him. (Hr'g Ex. 5 at 4; Hr'g Ex. 6 (advice-of-rights form)); *Palega*, 556 F.3d at 716 (finding *Miranda* waiver valid where defendant "independently reinitiated communication with [officer] after first invoking his Miranda rights" and "stated he understood his rights and wished to waive them"). Morris then responded to the agents' questions, showing his comprehension. (*See generally* Hr'g Exs. 4–5.) The record establishes that Morris was fully aware of the nature of his rights and what he was giving up and thus his waiver was knowing and intelligent.

For these reasons, Morris's waiver of his *Miranda* rights was valid. His motion to suppress fails.

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Defendant's objection (ECF No. 48) to the Report and Recommendation is OVERRULED;

2. The Report and Recommendation (ECF No. 42) is ACCEPTED; and

6

3. Defendant's Motion to Suppress Statements, Admissions, and Answers (ECF No. 25) is DENIED.

Dated: December 21, 2021

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge